UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-81579-CIV-HURLEY/HOPKINS

WOODROW WOODS, et al.,

    Plaintiffs,

vs.

DEANGELO MARINE EXHAUST, INC.,

    Defendant.
_____/

### ORDER DENYING PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIM, DENYING PLAINTIFFS' MOTION TO STRIKE REQUEST FOR FEES, AND GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the court upon plaintiffs' motions to dismiss the amended counterclaim and to strike defendant's prayer for attorneys' fees [DE # 17, 18], and defendant's motion for reconsideration of the court's order striking its affirmative defense of noninfringement [DE # 25].

Plaintiffs' motion to dismiss the amended counterclaim argues that defendant's counterclaims for declaratory judgments of invalidity are superfluous because defendant asserts affirmative defenses of invalidity on the same ground. However, the Supreme Court has recognized that there are legitimate reasons that a defendant in a patent infringement case might want to assert both an affirmative defense of invalidity, and a claim for a declaratory judgment of invalidity. In particular, should the affirmative defenses of invalidity not be reached (for example, because there is a finding of non-infringement), the defendant may nevertheless want (and is entitled to have) the validity of the asserted patent conclusively determined. *See Cardinal Chemical Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 96 (1993). The motion to dismiss the amended counterclaim must be denied.

Plaintiffs' motion to strike defendant's prayer for attorney's fees is premature. The entitlement to attorney's fees is more efficiently litigated after the merits of the underlying dispute have been determined. Plaintiffs' motion is therefore denied.

Defendant moves for reconsideration of the court's order striking its affirmative defense of noninfringement. The court reasoned that, unlike defenses such as invalidity or unenforceability, plaintiffs bear the burden of proving infringement of the asserted patents, *see, e.g.*, *Welker Bearing Co. v. PHD, Inc.*, 550 F.3d 1090, 1095 (Fed. Cir. 2008), and therefore non-infringement is not properly considered an affirmative defense. However, in its motion for reconsideration, defendant points to 35 U.S.C. § 282(1), which includes "non-infringement" as a defense that "shall be pleaded."

The court's research has revealed no cases in which a defendant to a patent infringement case has been held to waive a defense of non-infringement for failure to assert it as an affirmative defense. Indeed, it would seem a bit strange to require a defendant who simply denies infringing a patent to not only deny the complaint's allegations, but to assert an "affirmative defense" which merely alleges the plaintiff's failure to carry a burden which the law places on the patentee. Nevertheless, in view of the express language of the statute, and in an abundance of caution to ensure that defendant is not held to have waived any defenses, the court will grant the motion to reconsider and allow defendant to plead non-infringement as an affirmative defense.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1. Plaintiffs' motion to dismiss the amended counterclaim [DE # 17] is **DENIED**.
2. Plaintiffs' motion to strike defendant's prayer for attorneys' fees [DE # 18] is **DENIED**.

Order Denying Plaintiffs' Motions to Dismiss Counterclaim and Strike Request for Attorneys' Fees, and Granting Defendant's Motion for Reconsideration
Woods et al. v. DeAngelo Marine Exhaust, Inc.
Case No. 08-81579-CIV-HURLEY/HOPKINS

3. Defendant's motion for reconsideration [DE # 25] is **GRANTED**. Defendant's affirmative defense of non-infringement, previously stricken by the court, is reinstated.

**DONE** and **SIGNED** in Chambers in West Palm Beach, Florida, this 20th day of April, 2009.

_____
Daniel T. K. Hurley
U.S. District Judge

*Copies provided to counsel of record*

For updated court information, visit unofficial Web site at http://us.geocities.com/uscts