UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-81579-CIV-HURLEY-HOPKINS

WOODROW WOODS, an individual, and
MARINE EXHAUST SYSTEMS, INC., a
Florida corporation,

    Plaintiffs,

v.

DEANGELO MARINE EXHAUST, INC., a
Florida corporation,

    Defendant.

## PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO TAX COSTS [DE 244]

Plaintiffs, WOODROW WOODS and MARINE EXHAUST SYSTEMS, INC. (collectively, "Plaintiffs" or "Marine Exhaust"), by and through their undersigned counsel, submit this Reply Memorandum of Law in support of their Motion to Tax Costs.

## INTRODUCTION

Contrary to Defendant's arguments, Plaintiffs should not be permitted to recover it costs in the case set forth in the Motion to Tax, with the exception of the costs for expert witnesses and the costs for using the vendor Trial Graphix.[1]  Plaintiffs have not sought to tax costs for any general litigation expense not permitted by Section 1920, including general postage, copies made for attorneys' convenience within the firm, telephone charges, or the like.  Instead, each requested item of costs is related to a specific, permissible charge from a vendor where such

---

[1] As set forth in Plaintiffs' Motion, these fees are permissible in a patent infringement case upon a showing that the case is "exceptional."  Pursuant to the Court's earlier rulings on Plaintiff's Motion for Attorneys' Fees, Plaintiffs acknowledge that these costs are not currently recoverable.

work was necessary for the case. The specific categories of costs to which Defendant objects are addressed separately below.

**Plaintiffs Are Entitled to Recover the Full Amount Requested for Deposition Testimony and All Transcripts.**

Contrary to Defendant's arguments, Plaintiffs are entitled to recover the entire $26,390.35 in costs they incurred related to deposition testimony and transcripts for depositions, hearings, and trial. Defendant first contends that Plaintiffs should not recover $5,881.00 incurred for transcribing depositions because the deposition notices do not explicitly state that the depositions will be transcribed in addition to being video-taped. However, this argument ignores the requirements of Rule 32 of the Federal Rules of Civil Procedure ("Rule 32"). For example, Rule 32(c) provides in relevant part, "Unless the court orders otherwise, a party <u>must</u> provide a transcript of any deposition testimony the party offers, but <u>may</u> provide the court with the testimony in non-transcript form <u>as well</u>." *See* Fed.R.Civ.P. 32(c) (emphasis added). Thus, Plaintiffs were required to have the depositions transcribed in order to be able to use the them at trial without special leave of Court. Additionally, each time that either party cited a deposition transcript for impeachment purposes at trial, they were required to cite the page and line of the transcript that was being used presumably pursuant to Federal Rule of Evidence 613(a).[2] Attached hereto as Exhibit A is an excerpt from the trial testimony of Mr. Craig McLeod, a technical sales representative employed by Plaintiff Marine Exhaust Systems, wherein the Court required Defendant's counsel to cite the page and line number of Mr. McLeod's deposition prior to using same in an attempt to impeach him. The Court followed the same procedure each time

---

[2] Rule 613(a) provides, "In examining a witness concerning a prior statement made by the witness, whether written or not, the statement need not be shown nor its contents disclosed to the witness at that time, but on request the same **shall be shown or disclosed to opposing counsel**." (emphasis added). Defendant's implied suggestion that Plaintiffs should have solely used the video of the depositions at trial would result in enormous disruption to a trial where any party wishing to use a portion of a deposition would be required to play the video of the segment for opposing counsel before playing it for the jury.

2

either party referenced a deposition at trial. Thus, Plaintiffs were required to have a transcript of the depositions in order to use same at trial.

Additionally, according to Rule 32(d)(1), "[a]n objection to an error or irregularity in a deposition notice is waived unless promptly served in writing on the party giving the notice." At no point did Defendant object to Plaintiffs' methods of recording the depositions of Defendant's witnesses by transcription or video tape. While Defendant may claim that it did not know before the depositions that Plaintiffs intended to record the depositions by both video tape and transcription, Defendant was certainly aware that both methods of recording the deposition would be used once Defendant arrived at the deposition and both a videographer and transcriptionist were present. Despite this knowledge, Defendant failed to object in any way to the methods of recording the depositions either immediately before the deposition or at any time thereafter. Thus, according to Rule 32(d)(1), Defendant's objection to the lack of a specific reference to a transcriptionist in the deposition notices has been waived and should not be a basis for denying Plaintiffs' recovery of the costs of transcribing the depositions.

Defendant further argues that Plaintiffs should not be permitted to recover the costs associated with the depositions of Ruben Rivera, Achilles Francis, Justin Montes, Jorge Montes, or Jorge Lang because of Plaintiffs supposedly failed to demonstrate how these deposition transcripts were used for any purpose other than investigation. "The burden is on [Defendant DeAngelo as] the party opposing taxation to demonstrate that the depositions were not 'related to an issue which was present in the case at the time the deposition was taken.'" *Powell v. Carey Int'l, Inc.*, 548 F. Supp. 2d 1351, 1361 (S.D. Fla. 2008)(*quoting EEOC v. W&O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000)). Defendant has failed to even attempt to meet this burden. Additionally, Defendant's interpretation of the "use" requirement is too narrow and not

3

supported in law. Plaintiffs are not required to have actually cited or read from each transcript, or displayed each video of a deposition, in order to recover the costs of same. "'[A] deposition taken within the proper bounds of discovery . . . will normally be deemed to be 'necessarily obtained for use in the case' and its costs will be taxed unless the opposing party interposes a specific objection that the deposition was improperly taken or unduly prolonged." *James v. Wash Depot Holdings, Inc*., 242 F.R.D. 645, 650 (S.D. Fla. 2007) (*quoting George R. Hall, Inc. v. Superior Trucking Co.*, 532 F. Supp. 985, 994 (N.D. Ga. 1982)). Moreover, for witnesses identified on the Defendant's witness list, the Eleventh Circuit held

> Taxation of deposition costs of witnesses on the losing party's witness list is reasonable because the listing of those witnesses indicated both that the plaintiff might need the deposition transcripts to cross-examine the witnesses, *see Independence Tube Corp. v. Copperweld Corp*., 543 F. Supp. 706 at 717 (N.D. Ill. 1982), and that "the information those people had on the subject matter of this suit was not so irrelevant or so unimportant that their depositions were outside the bound of discovery," *id*. at 718.

*EEOC v. W&O, Inc*., 213 F.3d 600, 621 (11th Cir. 2000).

Each of these depositions was taken within the "proper bounds of discovery" and were related to issues in the case at the time each of the depositions were taken. Ruben Rivera and Achilles Francis each offered an affidavit in support of Defendant's Motion for Summary Judgment. [DE 49-2] Justin Montes, in addition to being Roberto Montes' son and employed by Defendant from 2006 through February of 2009, was present at Defendant's booth at the Fort Lauderdale boat show in October of 2009, where he described how Defendant's exhaust systems function to various members of the public.[3] Additionally, Justin Montes is president of Advanced Waterjet Solutions, a company wholly owned by Roberto Montes and fully financially

---

[3] Specifically, when describing how water flows through the two rows of holes in the spray ring (or "diffuser") of Defendant's exhaust system—a heavily contested issue in this case—Justin Montes told Ms. Denise Bleau that the inner row of holes sprayed water in and the outer row sprayed water out.

4

supported by "loans" from Defendant, which is a company that Defendant uses to cut various pieces of metal that are incorporated into Defendant's exhaust systems. Jorge Lang is one of Defendant's sales representatives who worked with Riviera Yachts, one of Defendant's customers that purchased Defendant's part no. 22360 (admitted into evidence at trial as Plaintiff's Exhibit No. 6), which was the only physical exhaust system that Plaintiffs were able to retain in their possession as evidence of Defendant's infringement.[4] The relationship between Defendant and Riviera Yachts was heavily explored at trial. Jorge Montes has been employed as Defendant's accounting manager since April 1, 2004 and it was only through his deposition that Plaintiffs learned that they could obtain information regarding the costs of each job which was necessary for Plaintiffs' damages calculation. Finally, most of these witnesses testified at trial; Defendant called Mr. Rivera and Mr. Achilles in their case in chief, and Plaintiffs called Jorge Montes. Accordingly, Plaintiffs are entitled to recover the full costs incurred for the depositions of all witnesses in the case.

Defendant further argues that Plaintiffs should not be permitted to recover the costs of certain trial transcripts because some of those transcripts were prepared as "daily" transcripts. It is important to note that Plaintiffs did not order the entire trial to be transcribed on a "daily" basis, but rather ordered excerpts regarding opening statements, certain witness' testimony and the Defendant's oral argument presented regarding its Rule 50(a) motions for judgment as a matter of law made during trial. Of these transcripts, many of them were ordered and charged at the "normal" delivery rate of $3.00 per page and not the increased cost of $10.00 per page for "daily" transcripts. All of the trial transcripts ordered, whether for daily or normal delivery, were necessary for the Plaintiffs' prosecution of its case. The issues of patent validity, and

---

[4] Plaintiffs also had photographs of Defendant's exhaust system that was installed on the yacht called the "Betsy", which were introduced into evidence at trial as Plaintiffs' Exhibit No. 8. However, Plaintiffs did not have that physical exhaust system because it was installed on the Betsy yacht.

Defendant's willful infringement of the two patents in suit required a close analysis of witness testimony as witnesses described the characteristics and features of physical devices and manufacturing drawings, as well as the content and scope of the prior art. Plaintiffs relied on the trial transcripts in preparing the direct and cross examination of witnesses, and in preparing the presentation of evidence in their rebuttal case. Additionally, both parties cited trial testimony in the post-trial motions, and review of Defendant's Rule 50(a) oral argument at trial was necessary to determine the limit of the issues Defendant was permitted to raise in its post-trial *renewed* motions for judgment as a matter of law under Rule 50(b). The trial transcripts that Plaintiffs ordered in this case were necessary and recovery of the costs of same was not sought "as a matter of course". *Sensormatic Elecs. Corp. v. Tag Co. US, LLC*, Case No.06-81105-Civ-Hurley/Hopkins, 2009 U.S. Dist. LEXIS 92217, *9-10 (S.D. Fla. Aug. 19, 2009)(awarding cost of daily transcripts because "[t]he parties used the transcript for preparing for direct and cross examination, mid-trial motions, and proposed Findings of Fact and Conclusions of Law, and the District Court used the transcript for making citations to the record and ruling on mid-trial rulings.")(citations omitted).[5] Thus, Plaintiffs should be permitted to recover the costs incurred in obtaining the trial transcript excerpts, including the fee for those transcript excerpts that were ordered on a daily basis.[6]

The Court should reject Defendant's objection to paying for delivery charges, exhibits and other fees related to the depositions, including a CD copy of same. Defendant's own cited authority holds that such costs related to depositions are recoverable. *Kearney v. Auto-Owners*

---

[5] While the trial in this matter was not as long as the trial in *Sensormatic*, the parties in this case used the trial transcripts in virtually the same manner in which the transcripts were used by the parties in *Sensormatic*.

[6] To the extent that the Court is inclined to disallow the costs of obtaining transcripts on an expedited basis, the award for those transcripts should not be eliminated completely, but rather Plaintiffs should be able to recover at least the lesser amount that would have been charged for "normal" delivery of the transcripts.

*Ins. Co.*, Case No.: 8:06-cv-00595-T-24-TGW, 2010 U.S. Dist. LEXIS 54801, *3-4 (M.D. Fla. May 10, 2010). Specifically, the court in *Kearney* held:

> While some courts have found that delivery costs such as postage, shipping, and courier 09). fees for depositions are not taxable, district courts in the Eleventh Circuit have permitted the taxing of postage and handling fees charged by court reporters because the charges are "reasonable costs associated with depositions." The Court agrees that the postage and shipping costs are reasonably associated with the cost of the deposition itself. Court reporters must charge shipping in order to deliver the transcript to counsel.

*See Kearney*, at *3-4 (*quoting Smith v. Quintiles Int'l*, Case No. 5:04-cv-658-Oc-10-GRJ, 2007 U.S. Dist. LEXIS 61131, 2007 WL 2412844, at *4 (M.D. Fla. Aug. 21, 2007) (*citing U.S.E.E.O.C. v. W & O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000)) (*citing George v. GTE Directories Corp.*, 114 F. Supp. 2d 1281, 1298 (M.D. Fla. 2000)). Moreover, the court in *Rivers v. Orthopedic Systems*, held that the costs charged by a court reporter for handling exhibits can be charged if considered either "copies of paper" or "exemplification" under Section 1920. *See Rivers v. Orthopedic Sys., Inc.*, Case No. 04-61375 CIV-Brown 2006 U.S. Dist. LEXIS 86233 (S.D. Fla. Nov. 28, 2006). The deposition exhibits in this case consisted generally of the patents in suit, affidavits submitted by various witnesses, some of Defendant's work files related to its infringing conduct (called "job jackets"), deposition notices, and expert reports. As noted on the invoices referenced by Defendant, the court reporting company, Veritext, did not charge for making *paper* copies of the exhibits. Instead, it charged for preparing a "CD Depo Litigation Package" which included *electronic* copies of the exhibits to the depositions along with an electronic copy of the transcript.[7] Finally, while "normal" postage, such as that charged by a law firm for sending letters to opposing counsel, and the like, are not recoverable items of costs, the postage charged by Veritext to deliver the transcripts to Plaintiffs' counsel is recoverable as a

---

[7] There is no separate charge for the transcript in addition to the electronic copy of the exhibits saved on the CD by Veritext. It is a package price.

7

cost associated with depositions.  *See Kearney*, at *4 (holding "Court reporters must charge shipping in order to deliver the transcript to counsel.").  Accordingly, Plaintiffs are entitled to recover the $148.25 for these deposition-related costs.

Accordingly, Plaintiffs are entitled to recover the full amount of costs they incurred for deposition and trial transcripts in this case.[8]

**Plaintiffs Are Entitled to Recover Their Copying or Exemplification Costs**

Contrary to Defendant's arguments, Plaintiffs are entitled to recover their full copying costs.[9]  Defendant incorrectly assumes that the exemplification and copies for which Plaintiffs seek to recover an award of costs were made "for counsel's convenience."  *See* Opposition at 5.  Defendant is wrong and these copy charges are taxable.  Defendant made approximately 40 bankers' boxes and 20 filing cabinets of their records available for inspection, which Defendant identified as responsive to Plaintiffs' request for production of documents.  Plaintiffs used the services of the vendor, Ikon, to copy those records selected from the many files that Defendant made available for inspection.  Plaintiffs also used Ikon to copy the exhibits necessary for trial, including over-sized manufacturing drawings.  Plaintiffs used the vendor, Kauff's Signs, to prepare the over-sized presentation boards that Plaintiffs used at trial.  None of the copy charges that Plaintiffs seek to tax as costs are the every-day copies of case law, drafts of pleadings, etc., that are considered made "for counsel's convenience."  Instead, Plaintiffs only seek to tax those copy costs that are directly related to documents necessary for the case.

---

[8]  A copy of the invoices related to the deposition and trial transcript costs referenced in footnote 3 of Defendant's Opposition, which were inadvertently omitted, are attached hereto as Exhibit B.  There is an additional invoice regarding transcripts that Plaintiffs do not currently have, but are diligently working to acquire.  Plaintiffs will file same with the Court promptly upon acquiring it.

[9]  Attached hereto as Exhibit C is a copy of those invoices that were inadvertently not previously submitted.  There are three additional invoices that Plaintiffs do not currently have, but are diligently working to acquire.  Plaintiffs will file same with the Court promptly upon acquiring it.

8

Defendant argues that Plaintiffs should not be permitted to recover the costs of exhibits that were eventually excluded during the trial. However, when deciding whether copy costs are taxable, the court should consider "whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *EEOC v. W&O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000). In approving the award of the challenged copy costs in *EEOC*, the Eleventh Circuit held, "Here, the copies at issue were of documents produced by W&O pursuant to the EEOC's motion to produce. 'Copies attributable to discovery' are a category of copies recoverable under § 1920(4)." *EEOC*, 213 F.3d at 623 (*quoting Desisto College, Inc. v. Town of Howey-in-the Hills*, 718 F. Supp. 906, 913 (M.D. Fla. 1989)). In fact, the court in *Desisto* held, "Copies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the Court's consideration are recoverable." *Desisto*, *supra*, 718 F. Supp. at 913.

As set forth above, the copy costs at issue in this case are of documents that were produced in discovery and exhibits (both evidentiary and demonstrative) necessary for trial. At the time that the copies were made, Plaintiffs reasonably believed that it was necessary to copy these documents. Accordingly, Plaintiffs should be permitted to recover all of their costs for copying and exemplification.

**Plaintiffs Are Entitled to Recover Fees for Service of Complaint and Subpoenas**

Plaintiffs seek a reimbursement of $681.00 for service of the complaint and subpoenas for deposition and trial. Defendant seeks to reduce this amount to $442.00 because the charge for six of the subpoenas that were served on a "rush" basis exceeds the amount of the fee that the U.S. Marshalls would have charged if they had served all of these documents. While it does appear that Plaintiffs' recovery of costs for service of the complaint and various subpoenas is

9

limited to the amount that the U.S. Marshalls would have charged for such service, *see EEOC v. W & O, Inc.*, 213 F.3d 600, 623-24 (11th Cir. 2000), Defendant's argument that Plaintiffs should only recover $442.00 of the requested $681.00 is not supported by the facts and law.  Effective December 19, 2008 (*i.e.*, approximately two weeks before the complaint was filed in this case) the U.S. Marshalls increased the fees charged for service of process and subpoenas to $55.00 per hour or any portion thereof.  *See* 28 CFR § 0.114(a)(3) (2008).  If Plaintiffs had used the U.S. Marshalls to serve the Complaint and all twelve subpoenas, the total cost would have been $715.00.  Thus, because Plaintiffs' use of a private process server actually reduced the costs for such service, Plaintiffs should be entitled to recover the entire $681.00 in costs that Plaintiffs actually incurred.  However, to the extent that the Court is inclined to view each act of serving the complaint and each subpoena separately, Plaintiffs should still recover a minimum of $574.00 for service fees.  This amount reflects a reduction of each service charge to no more than the $55.00 fee that would have been charged by the U.S. Marshalls.  A chart identifying these service charges is set forth below for ease of reference.

| Witness Name | Actual costs | If U.S. Marshall Served All Documents | "Rush" Service Reduced to Max. US Marshall fee |
|---|---|---|---|
| Complaint | $46 | $55 | $46 |
| Justin Montes - depo | $68 | $55 | $55 |
| Achilles Francis | $33 | $55 | $33 |
| Trygg Hermanuissen | $60 | $55 | $55 |
| Randolph Rodriguez | $33 | $55 | $33 |
| Jorge Lang | $33 | $55 | $33 |
| Justin Montes - trial | $68 | $55 | $55 |
| Bill Higley | $68 | $55 | $55 |
| Mariano Soto | $68 | $55 | $55 |
| Roberto Montes | $33 | $55 | $33 |
| Jorge Montes | $33 | $55 | $33 |
| Ruben Rivera | $33 | $55 | $33 |
| Steve Patz | $105 | $55 | $55 |
| **Totals** | **$681** | **$715** | **$574** |

The case that Defendant relies on in arguing that Plaintiffs should only recover $442.00 for service fees relied upon a prior version of 28 CFR § 0.114(a)(3) (2007), which is the regulation that establishes the fee charged by the U.S. Marshalls for serving documents. *See Delaware Valley Floral Group, Inc. v. Shaw Rose Nets, LLC*, Case No. 07- 20199-CIV-JORDAN, 2009 U.S. Dist. LEXIS 117563 *6-7 (S.D. Fla. Nov. 6, 2009) (holding that the prevailing party was entitled to recover the amount that the U.S. Marshalls would have charged for service, which at the time the documents were served in that case was $45.00 per hour or any portion thereof). The current version of the regulation, which was amended in November of 2009—before the service of the documents at issue in this case and after the service at issue in the *Delaware Valley* case cited by Defendant—increased the amount that the U.S. Marshalls charge for service to $55.00 per hour or any portion thereof. Thus, Plaintiffs should be entitled to recover the entire $681.00 for service fees that Plaintiffs incurred in this action because Plaintiffs' use of a private process server cost less than the $715.00 the U.S. Marshalls would have charged for serving the same set of documents. However, to the extent that the Court is inclined to view these charges as line items and not as an aggregate, Plaintiffs should still recover a minimum of $574.00 for service fees.[10]

**Plaintiffs Are Entitled to Recover Their Witness Fees**

Defendant argues that Plaintiffs should not be permitted to recover the $760.68 that Plaintiffs incurred in complying with 28 U.S.C. § 1821, which requires that each witness be paid an attendance fee of $40 per day plus mileage costs. *See* 28 U.S.C. §§ 1821, 1920. Plaintiffs calculated the amount of mileage costs by multiplying the distance in miles from the location of service of the subpoena to the location of the deposition or courthouse shown by

---

[10] Plaintiffs cannot determine what method of arithmetic Defendant used to arrive at its $442.00 amount identified in its Response.

www.maps.google.com by the mileage rate set by the U.S. General Services Administration.[11] Defendant's objection to Plaintiffs' recovery of these costs is disingenuous since 8 of the 11 witnesses who received a trial subpoena and the accompanying check paying the witness fee are Defendant's employees, meaning that Defendant has already received a copy of the checks used to pay the witness fees. While Plaintiffs cannot submit an invoice to reflect these costs as no invoices exist, attached hereto as Exhibit D is a true and correct copy of the cancelled checks. Thus, Plaintiffs should recover the entire $760.78 for witness fees.

## CONCLUSION

As set forth above, Plaintiffs are entitled to recover the entire amount sought in their Bill of Costs, with the exception of the $90,348.53 cost for expert witness fees and Trial Graphix, bringing the total amount of costs that Plaintiffs seek to tax to $37,699.34. Accordingly, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion and tax costs against Defendant in the amount of $37,699.34

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 18, 2010, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                        s/ Jennifer E. Simpson
                                                        Denise J. Bleau, Esq. (Fla. Bar No. 599514)
                                                        dbleau@warddamon.com
                                                        Jennifer E. Simpson, Esq. (Fla. Bar No. 697354)
                                                        jsimpson@warddamon.com

---

[11] According to the General Services Administration's website, www.gsa.gov, the mileage rate was $0.55 per mile in 2009 and $0.50 per mile in 2010.

**SERVICE LIST**
**WOODS V. DEANGELO MARINE EXHAUST, INC.**
**CASE NO.: 08-81579-CIV-HURLEY-HOPKINS**
**UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA**

William E. Stacey, Jr., Esquire
wes.esq@gmail.com
William Stacey, P.A.
P.O. Box 460053
Fort Lauderdale, FL  33346
Phone: 954-761-9898
Notice of Electronic Filing generated by CM/ECF

Michael C. Cesarano, Esquire
mcesarano@feldmangale.com
James A. Gale, Esquire
 jgale@feldmangale.com
Richard Guerra, Esquire
rguerra@feldmangale.com
Feldman Gale, P.A.
2 South Biscayne Blvd., 30th Flr.
Miami, FL  33131
Phone: 305-358-5001
Notice of Electronic Filing generated by CM/ECF

S:\users\1 LITIGATION\Marine Exhaust (Woodrow Woods)\Pleadings\Ps Reply iso M-Tax Costs.doc