UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-81579-Civ-Hurley/Hopkins

WOODROW WOODS, and
MARINE EXHAUST SYSTEMS, INC.,

        Plaintiffs,

vs.

DEANGELO MARINE EXHAUST INC.,

        Defendant .

_____/

## REPORT AND RECOMMENDATION AS TO PLAINTIFF'S VERIFIED MOTION TO TAX COSTS (DE 244)

**THIS CAUSE** has come before this Court upon an Order referring Plaintiffs' Verified

Motion to Tax Costs to the undersigned for a Report and Recommendation.  (DEs 244, 248).

This Court has before it Plaintiffs' Verified Motion to Tax Costs, Defendant's Response in

Opposition, and Plaintiffs' Reply.  (DEs 244, 251, 259).  The matter is now ripe for review.  For

the reasons that follow, this Court **RECOMMENDS** that the District Court **GRANT IN PART**

Plaintiffs' Verified Motion.  (DE 244).

## BACKGROUND

After a jury trial which concluded in April of 2010, Plaintiffs Woodrow Woods and

Marine Exhaust Systems, Inc., ("Plaintiffs"), prevailed in their  patent infringement action

against Defendant, DeAngelo Marine Exhaust, Inc. ("Defendant").  (DE 197).  In accordance

with the jury verdict, the District Court entered final judgment in favor of Plaintiffs in the

amount of ninety-two thousand, eight hundred four dollars ($92,804.00), plus post judgment

interest.  (DEs 197, 198).  Thereafter, the District Court denied several post judgment motions,

including Plaintiffs' Motion for Attorney's Fees and Plaintiffs' Motion for Enhanced Damages. (DEs 199, 204, 250).

## DISCUSSION

Plaintiffs move for an award of all costs incurred during litigation, in an amount of one hundred twenty-eight thousand, forty-seven dollars and eighty-seven cents ($128,047.87).  (DE 244, pgs. 2, 11).  Plaintiffs contend that in light of Defendant's litigation history, the jury verdict rendered in Plaintiffs' favor, and the purpose of section 285, anything short of an award of all costs incurred would run afoul of the section.  (DE 244, pg. 2) (*citations omitted*).

In response, Defendant contends that at most, Plaintiffs should be awarded only eight thousand, seven hundred fifty-two dollars and fifteen cents ($8,752.15).  (DE 251, pg. 7). Specifically, Defendant argues that  (1) Plaintiffs are not entitled to an award of costs for trial graphics and expert witness fees because the instant case is not exceptional; (2) Plaintiffs are not entitled to recover all of the transcript costs sought; (3) Plaintiffs are not entitled to any costs for exemplification and copies; (4) Plaintiffs are not entitled to recover witness fees; and, (5) "rush" service fees are not taxable.  (DE 251, pgs. 1-7).

## I.  Costs under Section 1920

Under section 1920, Plaintiffs seek an award of costs in the amount of thirty-six thousand, five hundred fifty-four dollars and fifty-two cents ($36,554.52).  (DE 244, pg. 2).

The Federal Rules provide that prevailing parties are entitled to recover costs as a matter of course unless otherwise directed by the court or statute.  *See* Fed. R. Civ. P. 54(d)(1) (2009). Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party.  *See Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991) (noting that the language of Rule

54(d) "creates a presumption in favor of awarding costs to the prevailing party which [the

opponent] must overcome.")  However, such presumption is not without limits, and courts may

only tax costs as authorized by statute.  *See EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir.

2000), *reh'g and reh'g en banc denied*, 233 F.3d 580 (11th Cir. 2000) (*citing Crawford Fitting

Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)); *Arcadian Fertilizer, L.P. v. MPW Industrial

Services, Inc.*, 249 F.3d 1293, 1296-1297 (11th Cir. 2001).

"Section 1920 enumerates expenses that a federal court may tax as a cost under the

discretionary authority found in Rule 54(d)."  *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482

U.S. 437, 441-442 (1987).  This section provides in part,

### § 1920. Taxation of costs

A judge or clerk of any court of the United States may tax as costs the following:
(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for
use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials
where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and
salaries, fees, expenses, and costs of special interpretation services under section
1828 of this title.
                                              ****

28 U.S.C. § 1920 (2009).

Where a party challenges the costs requested, the burden lies with the challenging party.

*See EEOC*, 213 F.3d at 621 (finding that challenging party did not demonstrate that any portion

of the depositions were not "related to an issue which was present in the case at the time the

deposition was taken.")  *See also Ferguson v. Bombardier Srvcs. Corp.*, No. 8:03-cv-539-T-

3

31DAB, 2007 WL 601921, *3 (M.D. Fla. Feb. 21, 2007) (*consolidated case*) (observing that the burden lies with the losing party, unless knowledge of the requested cost is within the exclusive knowledge of the requesting party) (*citing Desisto College, Inc. v. Howey-in-the-Hills*, 718 F. Supp. 906, 910 n. 1 (M.D. Fla. 1989), *aff'd sub nom*. *Desisto College, Inc. v. Line*, 914 F.2d 267 (11th Cir. 1990), *not followed on other grounds by EEOC*, 213 F.3d 600).

### A. Initial Filing Fee

Plaintiffs seek an award of three hundred and fifty dollars ($350.00) for the initial filing fee. (DE 244, pg. 4 and exh. A). Defendant does not object to this request. (DE 251).

The docket shows that Plaintiffs paid the initial filing fee at the time the complaint was filed. (DE 1). Because filing fees may be taxed pursuant to section 1920(1), this Court **RECOMMENDS** that the District Court award Plaintiffs the three hundred and fifty dollars requested. (DE 244). *See EEOC*, 213 F.3d at 621 (finding that the district court did not abuse its discretion by awarding costs where the request was unchallenged).

### B.  Summons and Service Fees

Plaintiffs seek an award of six hundred eighty-one dollars ($681.00) in connection with the service of summons and subpoenas. (DE 244, pg. 4 and exh. A). Defendant contends that (1) because Plaintiffs have failed to explain the need for "rush" service, such costs may not be taxed; and, (2) Plaintiffs are not entitled to recover any costs in excess of what the United States Marshal could charge. (DE 251, pg. 7) (*citation omitted*).

A review of Plaintiffs' invoices shows that ten (10) subpoenas were served on the following individuals on a "rush" basis: (1) Trygg Hermanniusson ("Hermanniusson"); (2) Ruben Rivera ("Rivera"); (3) Roberto Montes; (4) Randolph Rodriguez ("Rodriguez"); (5)

4

Mariano Soto ("Soto"); (6) Justin Montes; (7) Jorge Montes; (8) Jorge Lang ("Lang"); (9) Bill

Higley ("Higley"); and, (10) Achilles Francis ("Francis").  (DE 244, exh. B, pgs. 15-19).  Neither

Plaintiffs' invoices nor Plaintiffs' pleadings contain any explanation as to the need for rush

service on any individual.  (DE 244, pg. 4; DE 244, exh. B, pgs. 15-19; DE 259, pgs. 9-11).

Although Plaintiffs maintain that they are entitled to all fees incurred for service because

the total costs incurred are less than that which could have been charged by the United States

Marshal, or, alternatively, that the Court should simply reduce Plaintiff's requested amount to the

maximum which could have been charged by the United States Marshal, this Court disagrees.

Here, because Defendant has objected to Plaintiffs' request, the burden lies with Plaintiffs to

explain the need for rush service.  *See Ferguson*, 2007 WL 601921 at *3 (observing that the

burden lies with the losing party, unless knowledge of the requested cost is within the exclusive

knowledge of the requesting party) (*citations omitted*).  Because Plaintiffs have failed to meet

their burden of explaining the need for rush service, Plaintiff should not be permitted to recover

any costs relating to rush service.  Moreover, because Plaintiffs' private process server only

charged twenty-eight dollars ($28.00) for the cost of regular service, and the current rate charged

by the United States Marshal is fifty-five dollars ($55.00) per hour, plus travel costs and out of

pocket expenses, *see* 28 C.F.R. § 0.114(a)(3) (2009), awarding Plaintiffs costs for service at the

Marshal's rate would be inequitable.  (DE 244, exh. B, pgs. 15-19).  The total amount for the

costs of service of summons and subpoenas, excluding the amounts charged for rush service,

equals two hundred ninety-eight dollars ($298.00).[1]  Therefore, this Court **RECOMMENDS** that

---

[1] This Court arrived at such total by adding together $28.00 for the regular cost of service on Rivera, Roberto Montes, Rodriguez, Soto, Justin Montes, Jorge Montes, Lang, Higley, and Francis, and $46.00 for the cost of service of the summons and complaint on Defendant.  This Court excluded the $30.00 rush fees charged for

the District Court **GRANT IN PART** Plaintiffs' request for costs relating to service of summons and subpoenas, and award Plaintiff a total of two hundred ninety-eight dollars ($298.00).  (DE 244).

### C.  Deposition, Hearing, and Trial Transcripts

Plaintiffs seek an award of twenty-six thousand, three hundred ninety dollars and thirty-five cents ($26,390.35) in costs for the attendance of court reporters at depositions, transcripts of deposition testimony, and trial and hearing transcripts.  (DE 244, pgs. 5-6 and exh. B, pgs. 13,19-24; DE 259, exh. B).  Defendant argues that (1) Plaintiffs may not recover the costs for transcribing the depositions of Rodriguez, Francis, Rivera, Soto, Lang, Roberto Montes, or Justin Montes because the notices of deposition failed to indicate that the depositions would be recorded by both video and stenographic means; (2) Plaintiffs may not recover costs for the deposition transcripts of Rivera, Francis, Lang, Justin Montes, or Jorge Montes because their depositions were not used or relied upon in the case; (3) Plaintiffs failed to properly document their request;[2] (4) the costs for daily trial transcripts may not be taxed because such transcripts were not necessary; and, (5) costs charged by Plaintiffs' court reporting agency for CDs, exhibits, and delivery charges are not taxable.  (DE 251, pgs. 2-5 and exh. A).

### Notices of Deposition

With regard to Defendant's contention that Plaintiffs may not be awarded costs for the deposition transcripts of Rodriguez, Francis, Rivera, Soto, Lang, Roberto Montes, and Justin

---

service on Hermanniusson, Rivera, Roberto Montes, Rodriguez, Soto, Justin Montes, Jorge Montes, Lang, Higley, and Francis.  (DE 244, exh. B, pgs. 15-19).

[2]  Because Plaintiffs attached to their Reply additional documentation in support of their request for transcript costs, (DE 259, exh. B), this Court need not further address Defendant's contention.

Montes because the notices of deposition failed to indicate that the depositions would be recorded by both video and stenographic means, a review of Plaintiffs' notices of deposition reveals that the notices only indicate the depositions would be videotaped.  (DE 251, exh. A).  In other words, the notices do not contain any reference to stenographic recording.  (DE 251, exh. A).

The Eleventh Circuit has held that " . . . when a party notices a deposition to be recorded by nonstenographic means, or by both stenographic and nonstenographic means, and no objection is raised at that time by the other party to the method of recordation pursuant to Federal Rule of Civil Procedure 26(c), it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed."  *Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460, 465 (11th Cir. 1996) (*as quoted in Suppa v. Costa Crociere, S.p.A.*, No. 07-60526-Civ, 2008 WL 4629078, *2 (S.D. Fla. Oct. 17, 2008)).  However, for such costs to be taxable, the prevailing party must explain why it was necessary to obtain both regular transcripts and videotaped copies.  *See Morrison*, 97 F.3d at 465 (noting that the prevailing party failed to explain why it was necessary to obtain video copies for use in the case).  *See also Ferguson*, 2007 WL 601921 at *3; *Perfect Web Techs., Inc. v. Infousa, Inc.*, No. 07-80286-Civ, 2009 WL 2407689, *9 (S.D. Fla. Aug. 4, 2009) (declining to award costs for videotaped depositions because the movant failed to explain why both stenographically transcribed and videotaped copies of the deposition were necessary) (*citations omitted*); *Utopia Provider Systems, Inc. v. Pro-Med Clinical Systems, L.L.C.*, No. 07-60654-Civ, 2009 WL 1210998, *3 (S.D. Fla. May 1, 2009) (*same*).

According to Plaintiffs, Defendant raised no objection to the manner of recordation at the time the depositions were taken, despite the fact that both a videographer and court reporter were

present.  (DE 259, pg. 3).  Moreover, because Rule 32(d)(1) (2009) provides that "[a]n objection to an error or irregularity in a deposition notice is waived unless promptly served in writing on the party giving the notice," Defendant's objection to Plaintiff's notice of deposition, at this stage of the proceedings, carries little weight.  As a result, this Court **RECOMMENDS** that District Court overrule Defendant's objection with regard to the notices of deposition.

Nevertheless, this Court concludes that Plaintiffs have failed to explain why it was necessary to obtain both regular transcripts and videotaped copies, as required by *Morrison*, 97 F.3d at 465.  Rather than provide any information to justify their need for videotaped copies, Plaintiffs merely argue that they are entitled to the costs of both stenographically transcribed and videotaped depositions because the notices of deposition indicated that videotaped depositions were being taken.  (DE 244; DE 259, pgs. 2-3).  In light of Plaintiffs' failure to explain why both videotaped and stenographically recorded depositions were needed, this Court **RECOMMENDS** that the District Court **DENY** Plaintiffs' request for costs relating to videotaped depositions, which amount to seven thousand, seven hundred sixteen dollars and twenty-eight cents ($7,716.28).  (DE 244, exh. B, pgs. 20, 21, 22).[3]

*See Perfect Web Techs., Inc.*, 2009 WL 2407689 at *9 (declining to award costs for videotaped depositions because the movant failed to explain why both stenographically transcribed and videotaped copies of the deposition were necessary) (*citations omitted*); *Utopia Provider Systems, Inc.*, 2009 WL 1210998 at *3 (*same*).

### Costs for Depositions Which Were Allegedly not Used

---

[3]  In its calculation, this Court excludes costs relating to videotaped depositions as noted in invoices dated November 12, 2009, and February 17, 2010, for the depositions of Jorge Long, Mariano Soto, A. Francis and R. Rivera, Roberto Montes, Randolph Rodriguez, and Jorge Montes.  (DE 244, exh. B, pgs. 20, 21, 22).

With regard to Defendant's contention that Plaintiff should not be awarded costs for the depositions of Rivera, Francis, Lang, Justin Montes, or Jorge Montes because their depositions were not used or relied upon in the case, the Eleventh Circuit has held that costs for deposition transcripts are generally taxable so long as the transcripts were "necessarily obtained for use in the case." *See EEOC*, 213 F.3d at 620-621 (noting that costs of deposition transcripts may be taxed where the transcripts were, either wholly or partially, "necessarily obtained for use in the case.") (*citing* § 1920(2); *Newman v. A.E. Stanley Mfg. Co.*, 648 F.2d 330, 337 (5th Cir. Unit B June 1981)). The question of whether deposition costs are taxable turns on the factual question of whether the deposition was wholly or partially "necessarily obtained for use in the case." *Id*. at 621. The burden lies with the challenging party to show that the depositions were not related to an issue in the case at the time the deposition was taken. *See Id*. District courts have wide latitude in determining whether a deposition was "necessarily obtained" for use in the case. *See Ferguson*, 2007 WL 601921 at *3 (*citing Newman*, 648 F.2d at 337).

"It is not necessary to use a deposition at trial to be taxable . . ." *George v. Florida Dept. of Corr.*, No. 07-80029-Civ, 2008 WL 2571348, *5 (S.D. Fla. May 23, 2008) (*quoting EEOC*, 213 F.3d at 621)). Costs for depositions are taxable where a party relies on such depositions in pleadings, or where depositions are taken during discovery, and the deposition relates to an issue in the case at the time it was taken. *See George*, 2008 WL 2571348 at *5 (*citing  EEOC*, 213 F.3d at 621; *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1474 (10th Cir. 1997)). "[D]eposition costs are taxable even if a prevailing party's use of a deposition is minimal or not critical to that party's ultimate success . . ." *George*, 2008 WL 2571348 at *5 (*citing EEOC*, 213 F.3d at 621) (*as cited in Ferguson*, 2007 WL 601921 at * 3).

This Court agrees with Plaintiffs that Defendant has not met its burden of showing that the depositions were not related to an issue in the case at the time the depositions were taken. While Defendant suggests otherwise, (DE 251, pgs. 2-3), the mere fact that the depositions of such individuals were not presented at trial or cited in any pleadings does not lead to a conclusion that such depositions were not related to an issue in the case at the time the deposition was taken. Rather, "a deposition taken within the proper bounds of discovery . . . will normally be deemed to be 'necessarily obtained for use in the case' and its costs will be taxed unless the opposing party interposes a specific objection that the deposition was improperly taken or unduly prolonged." *James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 650 (S.D. Fla. 2007) (*quoting George R. Hall, Inc. v. Superior Trucking Co.*, 532 F. Supp. 985, 994 (N.D. Ga. 1982)).

In addition, each of the depositions appears to have been related to an issue at the time it was taken. As noted by Plaintiffs, the depositions of Rivera and Francis were necessary because each offered an affidavit in support of Defendant's Motion for Summary Judgment. (DE 49, exh. A; DE 259, pg. 4). Plaintiffs also note that the deposition of Justin Montes was necessary because (1) he is the son of Roberto Montes; (2) he was an employee of Defendant who made presentations regarding Defendant's exhaust system at the Fort Lauderdale Boat Show in October of 2009; and, (3) he is president of a company called Advanced Waterjet Solutions, which was factually involved in the litigation. (DE 259, pg. 4). The deposition of Lang was necessary because he is one of Defendant's sales representatives who worked with a company named Riviera Yachts, and the relationship between Defendant and Riviera Yachts was heavily explored at trial. (DE 259, pg. 5). Jorge Montes' deposition was stated to be necessary because he was an accounting manager for Defendant, who testified as to how Plaintiffs could obtain information

relevant to their damages calculation.  (DE 259, pg. 5).  Finally, Plaintiffs note that Defendant

Rivera, Achilles, and Jorge Montes were called as witnesses at trial.  (DE 259, pg. 5).

In light of the foregoing, this Court **RECOMMENDS** that the District Court award

Plaintiffs costs relating to the depositions of Rivera, Francis, Lang, Justin Montes, and Jorge

Montes.

*See EEOC*, 213 F.3d at 621 (noting that the burden lies with the challenging party to

show that the depositions were not related to an issue in the case at the time the deposition was

taken).

### Daily Transcripts

Defendant next objects to Plaintiffs' request for daily transcripts.  (DE 251, pg. 4).  In

response, Plaintiffs note that they did not request that all trial proceedings to be transcribed on a

daily basis.  (DE 259, pg. 5).  Rather, Plaintiffs maintain that they only requested excerpts of

opening statements, certain witness' testimony, and Defendant's oral argument in support of its

Rule 50(a) motions for judgment as a matter of law presented during trial.  (DE 259, pg. 5).

Plaintiffs further note that they paid the "normal" delivery rate of three dollars ($3.00) per page,

as opposed to the ten dollar ($10.00) daily rate.  (DE 259, pg. 5).  Plaintiffs argue that all

transcripts ordered were necessary to Plaintiffs' prosecution of the case because (1) the patent

infringement action required a close analysis of all witness testimony regarding the devices and

prior art; (2) Plaintiffs relied on transcripts to prepare for examination of witnesses, and for the

presentation of evidence in the rebuttal phase of trial; (3) both parties cited trial testimony in their

post-trial motions; and, (4) the transcripts of Defendant's Rule 50(a) arguments were needed to

determine the scope of issues that Defendant could raise in its post-trial renewed motions for

11

judgment as a matter of law.  (DE 259, pg. 6).

Under section 1920(2), costs for transcripts may be awarded regardless of whether the transcripts were of pre-trial hearings, post-trial hearings, or the trial itself.  *See Chore-Time Equipment, Inc. v. Cumberland Corp.*, 713 F.2d 774, 781-82 (Fed. Cir. 1983) (affirming award of costs for transcripts of pre-trial and post-trial hearings because there was no basis for overturning the court's conclusion that the transcripts were necessarily obtained for use in the case).

The Eleventh Circuit has stated although the costs of a daily transcript should not be awarded "as a matter of course," the costs of daily transcript costs may nevertheless be awarded, in the court's discretion, if the court deems the daily transcript "necessary."  *See Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002) (affirming award of costs for expedited daily transcript where the court found that the transcripts were necessary in light of the case's length and complexity), *cert. denied*, 537 U.S. 1190 (2003).  *See also Sensormatic Elecs. Corp. v. The Tag Co., US*, No. 06-81105-CIV, 2009 WL 3208649, *4 (S.D. Fla. Oct. 2, 2009) (awarding costs for daily trial transcripts because the copyright infringement trial lasted nearly four weeks, and involved complex issues and expert testimony; the transcripts were used to prepare for direct and cross examination, mid-trial motions, proposed findings of fact and conclusions of law; and, the district court referred to the transcripts for mid-trial rulings) (*citing Maris Distrib. Co.*, 302 F.3d at 1225) (*other citations omitted*); *Charter Medical Corp. v. Cardin*, 127 F.R.D. 111, 113 (D. Md. 1989) (awarding costs for daily transcripts where case presented complex issues, transcripts were necessary to prepare for cross examination of technical expert at trial, and the court viewed portions of the transcript in reaching its decision);

*Data Gen. Corp. v. Grumman Sys. Support Corp.*, 825 F. Supp. 361, 367 (D. Mass. 1993) (awarding costs of daily trial transcripts of copyright infringement trial because such costs were reasonably necessary in light of the fact that the trial lasted more than nine (9) weeks, involved complex and technical issues, and depended on witness credibility).

Notwithstanding the fact that Plaintiffs concede that the trial was not as lengthy as other patent infringement trials, this Court nevertheless concludes that Plaintiffs should be awarded costs for the trial transcripts because they were necessary.  Not only were some transcripts needed for briefing, but others were used to prepare for legal arguments made during and after trial.  Accordingly, this Court **RECOMMENDS** that the District Court award Plaintiffs costs associated with daily trial transcripts.

*See Responsible Me, Inc. v. Evenflo Co., Inc.*, No. 06-61736-CIV, 2009 WL 528247, *7 (S.D. Fla. March 2, 2009) (awarding costs for Markman hearing transcript because opposing party failed to show that the transcripts were not necessary) (*citing Chore-Time Equipment, Inc.*, 713 F.2d at 781-82); *Charter Medical Corp.*, 127 F.R.D. at 113 (awarding costs for daily transcripts where case presented complex issues, transcripts were necessary to prepare for cross examination of technical expert at trial, and the court viewed portions of the transcript in reaching its decision); *Data Gen. Corp.*, 825 F. Supp. at 367 (awarding costs of daily trial transcripts of copyright infringement trial because such costs were reasonably necessary in part because the trial involved complex and technical issues, and depended on witness credibility).

### Costs for CDs, exhibits, and Delivery Charges

Defendant claims that Plaintiffs should not be awarded one hundred forty-eight dollars and twenty-five cents ($148.25) relating to the delivery of transcripts, handling of exhibits, and

CD copies.  (DE 251, pg. 5) (*citing* DE 244, Plaintiffs' Itemization of Costs, Fees For Printed or Electronically Recorded Transcripts, Rows 7, 9, 10, 25, 26, and 32).[4]  Plaintiffs maintain that such costs may be taxed.  (DE 259, pgs. 6-8).

In this Court's experience, it is customary for stenographer's invoices to include additional expenses for services such as condensed transcripts, electronic transcripts, CD copies, exhibits, and shipping.  Where such extra services are only for the convenience of counsel, they are not reimbursable.  *See Goodwall Const. Co. v. Beers Const. Co.*, 824 F. Supp. 1044, 1066 (N.D. Ga. 1992) (deposition costs incurred merely for convenience to counsel are not necessary or recoverable), *aff'd*, 991 F.2d 751 (Fed. Cir. 1993); *Johnson v. Commc'ns Supply Corp.*, No. 05-60510-CIV, 2006 WL 3709620, *2 (S.D. Fla. Dec. 14, 2006) (declining to award costs for mini-transcripts and disk copies of transcripts because they were incurred for the convenience of counsel); *Amer. Guarantee & Liability Ins. Co. v. U.S. Fidelity & Guar. Co.*, No. 4:06CV655RWS, 2010 WL 1935998, *4, *6 (E.D. Mo. May 10, 2010) (denying request for costs for mini, E-transcript, and rough ASCII because such costs were for the convenience of the attorneys and were not "necessarily obtained for use in the case" under section 1920; further denying request for costs of "litigation support CD-Rom" because such costs were incurred merely for convenience of counsel); *George*, 2008 WL 2571348 at *6 (denying request for costs

---

[4]  Defendant fails to object to any specific invoice by date or invoice number, and instead chose to lodge its objections by row numbers of Plaintiff's Itemization of Costs, (DE 251, pg. 5, n. 5; DE 244, exh. B).  Plaintiff's Itemization of Costs does not contain row numbers.  As a result, after counting row numbers in the section cited by Defendant, this Court assumes that Defendant objects to Veritext Court Reporting Invoices dated November 12, 2009, for the depositions of Mariano Soto, Roberto Montes and Randolph Rodriguez; Veritext Court Reporting Invoices dated April 5, 2010 for the depositions of Woodrow Woods, Darren Woods, and Peter Matos; and, Veritext Court Reporting Invoice dated April 21, 2010, for the deposition of David Garrison.  Such invoices are located at (DE 244, exh. B, pgs. 20, 21, and 23).  It should also be noted that because Plaintiffs copied 3 to 4 invoices on each page, each invoice copy is extremely small.  The poor print quality also makes each invoice difficult to read.

of transcript delivery fee where defendant failed to demonstrate that the cost was incurred out of

necessity, as opposed to mere convenience of counsel); *Suarez v. Tremont Towing, Inc.*, No.

07-21430-CIV, 2008 WL 2955123, *3 (S.D. Fla. Aug. 1, 2008) (denying request for costs of

delivery of exhibits because such costs were not taxable).  Courts have also noted that "postage

or delivery costs are ordinary business expenses and may not be charged in relation to obtaining

transcripts." *Henderson v. Home Depot U.S.A., Inc.*, No. 8:04-cv-2382-T-24TGW, 2006 WL

4978430, *4 (M.D. Fla. July 6, 2006) (*citing Scelta v. Delicatessen Support Serv., Inc*., 203 F.

Supp 2d 1328, 1339 (M.D. Fla. 2002)).

After a review of the invoices which this Court assumes are at issue, this Court notes that

Plaintiffs' invoices shows that the court reporting agency charged Plaintiffs a total of one

hundred nineteen dollars and twenty-five cents ($119.25) in costs relating to shipping and CDs,

as follows: (1) eighteen dollars and seventy-five cents ($18.75) for "shipping of media," as

reflected in Veritext invoice dated November 12, 2009, for the deposition of Mariano Soto; (2)

eighteen dollars and seventy-five cents ($18.75) for "shipping of media," as reflected in Veritext

invoice dated November 12, 2009, for the deposition of Roberto Montes; (3) eighteen dollars and

seventy-five cents ($18.75) for "shipping of media," as reflected in Veritext invoice dated

November 12, 2009, for the deposition of Randolph Rodriguez; (4) six dollars ($6.00) for

"shipping and handling" and ten dollars ($10.00) for a "CD Depo Litigation Package," as

reflected in Veritext invoice dated April 5, 2010, for the depositions of Woodrow Woods, Darren

Woods, and Peter Matos; and, (5) twenty-five dollars ($25.00) for "shipping and handling," as

reflected in Veritext invoice dated April 21, 2010, for the deposition of David Garrison.  (DE

244, exh. B, pgs. 20, 21, 23).  Plaintiff has made no attempt to show that the costs relating to

shipping and CDs were not incurred for the mere convenience of counsel.  (DE 259, pgs. 6-8).
As a result, this Court **RECOMMENDS** that the District Court **DENY** Plaintiffs' request for
such costs.  (DE 244).

See *Amer. Guarantee & Liability Ins. Co.*, 2010 WL 1935998 at *4, *6 (denying request
for costs for "litigation support CD-Rom" because such costs were incurred merely for
convenience of counsel); *George*, 2008 WL 2571348 at *6 (denying request for costs of
transcript delivery fee where defendant failed to demonstrate that the cost was incurred out of
necessity, as opposed to mere convenience of counsel); *Suarez*, 2008 WL 2955123 at *3
(denying request for costs of delivery of exhibits because such costs were not taxable);
*Henderson*, 2006 WL 4978430 at *4 ("postage or delivery costs are ordinary business expenses
and may not be charged in relation to obtaining transcripts.") (*citation omitted*).

In conclusion, with regard to Plaintiffs' request for costs for Deposition, Hearing, and
Trial Transcripts, this Court **RECOMMENDS** that the District Court award Plaintiffs a total of
eighteen thousand, five hundred fifty-four dollars and eighty-two cents ($18,554.82).[5]  (DE 244).

### D.  Witness Fees

Plaintiffs seek an award of seven hundred sixty dollars and seventy-eight cents for costs
relating to witness fees.  (DE 244, exh. A).  Defendant contends that Plaintiffs' request for such
costs must be denied for lack of documentation.  (DE 251, pg. 6).

Plaintiffs' Verified Motion failed to contain documentation for the requested witness
expenses, and merely noted that the amount sought represented the total money Plaintiffs paid to

---

[5]  This Court arrived at such total by deducting $119.25 for shipping and CD charges, and $7,716.28 for
costs relating to videotaped depositions from the total amount requested, $26,390.35.  (DE 244, exh. A).

witnesses for their mileage traveled to attend trial in West Palm Beach.  (DE 244, pg. 6 and exhs. A, B; DE 259, pg. 12).  Nevertheless, Plaintiffs have attached to their Reply copies of cancelled checks showing the amounts paid to each witness.  (DE 259, pg. 12 and exh. D).  Plaintiffs state that they calculated the amount of mileage by multiplying the distance, in miles, from the location at which the witnesses were served, to the courthouse in West Palm Beach, by the current mileage rate as set by the United States General Services Administration.  (DE 259, pgs. 11-12).  Plaintiffs note that according to the agency's website, http://www.gsa.gov, the rate for 2010 is fifty cents ($.50) per mile.

Courts may tax witness fees under section 1920(3).  *See Ferguson*, 2007 WL 601921 at *5.  However, such fees are limited to an attendance fee of forty dollars ($40.000) per day for each day of attendance, common carrier expenses at the most economical rate reasonably available, and a subsistence allowance not to the exceed the per diem allowance for federal employees when a witness is required to stay overnight.  *See Id*. (citing 28 U.S.C. § 1821(c)(1), (d)(1)-(2)).

A review of Plaintiffs' cancelled checks shows that the following witnesses were paid the following amounts on March 29, 2010: (1) Bill Higley, sixty-three dollars and twenty-eight cents ($63.28); (2) Trygg Hermanniusson, forty-two dollars and eighty-two cents ($42.82); (3) Randolph Rodriguez, sixty-three dollars and forty-three cents ($63.43); (4) Roberto Montes, sixty-three dollars and forty-three cents ($63.43); (5) Ruben Rivera, sixty-three dollars and forty-three cents ($63.43); (6) Mariano Soto, sixty-three dollars and forty-three cents ($63.43); (7) Jorge Lang, sixty-three dollars and forty-three cents ($63.43); (8) Jorge Montes, sixty-three dollars and forty-three cents ($63.43); (9) Achilles Francis, sixty-three dollars and forty-three

17

cents ($63.43); and, (10) Justin Montes, sixty-three dollars and sixty-seven cents ($63.67).  (DE 259, exh. D, pgs. 1-10).  Plaintiffs' cancelled checks also show that Michael T. Halloran was paid twenty-nine dollars and sixty-three cents ($29.63) on April 6, 2010, and that Steve Patz was paid one hundred seventeen dollars and thirty-seven cents ($117.37) on April 12, 2010.  (DE 259, exh. D, pgs. 11-12).

In light of the foregoing, this Court concludes that Defendant's objection with regard to Plaintiffs' initial lack of documentation lacks merit.  This Court **RECOMMENDS** that the District Court award Plaintiffs six hundred ninety-seven dollars and fifty cents ($697.50), the amount documented by Plaintiffs' cancelled checks.  (DE 244; DE 259, exh. D).

*See Ferguson*, 2007 WL 601921 at *5 (allowing award of costs only for costs which were documented by receipts; disallowing costs where claims were not supported by receipts) (*citations omitted*).

### E.  Fees for Exemplification and Costs for Making Copies

Plaintiffs seek an award of eight thousand, six hundred seventy-eight dollars and thirty-nine cents ($8,678.39) for costs relating to exemplification and copies.  (DE 244, exh. A).  In response, Defendant argues that Plaintiffs' request should be denied in its entirety because Plaintiffs have failed to show that the copies were not incurred for the mere convenience of counsel, and that Plaintiffs' invoices fail to document the amount requested as well as the purpose of the copies.  (DE 251, pgs. 5-6).  Defendant also argues that it is reasonable to conclude that at least a portion of Plaintiffs' nearly ten thousand dollar ($10,000.00) request was incurred merely for the convenience of counsel.  (DE 251, pg. 6).

In Reply, Plaintiffs maintain that none of the copies were made for the mere convenience

of counsel.  (DE 259, pg. 8).  Rather, they note that during the discovery phase of the case, Defendant made available for inspection approximately forty (40) bankers' boxes and twenty (20) filing cabinets of documents.  (DE 259, pg. 8).  Plaintiffs used a vendor, Ikon, to copy documents selected during discovery, as well as exhibits and over-sized manufacturing drawings for trial.  (DE 259, pg. 8).  Plaintiffs also used another vendor, Kauff's Signs, to prepare over-sized presentation boards for trial.  (DE 259, pg. 8).  After noting that they inadvertently failed to attach all of its invoices in support of their requested costs, Plaintiffs attached additional copies of invoices to their Reply.  (DE 244, exh. B, pgs. 14-15; DE 259, exh. C).

Section 1920(4) permits taxation of "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case."  Similar to deposition costs, "[i]n evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue."  *Id*. at 623.  "Photocopies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the Court's consideration are all recoverable."  *Florida Keys Citizen Coalition, Inc. v. U.S. Army Corp. of Eng'rs*, 386 F. Supp. 2d 1266, 1270 (S.D. Fla. 2005) (*citing Desisto College, Inc.*, 718 F. Supp. at 913).  However, in the Eleventh Circuit, the costs of physical exhibits such as models and charts may not be taxed as costs because there is no statutory authorization for such costs.  *See Arcadian*, 249 F.3d at 1297 (noting that such costs may not be taxed even if prior authorization from court had been obtained) (*citing EEOC*, 213 F.3d at 623; *Johns-Mansville Corp. v. Cement Asbestos Prods. Co.*, 428 F.2d 1381 (5th Cir. 1970)).  Likewise, copies obtained only for the convenience of counsel are not recoverable.  *See Desisto College, Inc*., 718 F. Supp. at 913

19

(*citing Allen v. Freeman*, 122 F.R.D. 589, 591 (S.D. Fla. 1988)).

The party moving for an award of copy costs has the burden of showing that the copies were necessarily obtained for use in the case. *See Zunde*, 2000 WL 1763843 at *6 (*citing Desisto College, Inc.*, 718 F. Supp. at 910, n.1). *See also Helms v. Wal-Mart Stores, Inc.*, 808 F. Supp. 1568, 1570 (N.D. Ga. 1992) (noting that the party seeking to recover copy costs "must come forward with evidence showing the nature of the documents copied, including how they were used or intended to be used in the case.") (*citing Corsair Asset Management, Inc. v. Moskovitz*, 142 F.R.D. 347, 353 (N.D. Ga. 1992)). Where the movant has failed to itemize copies necessarily obtained for use in the case and those that were made for their own convenience, an award of costs may be denied. *See Desisto College, Inc.*, 718 F. Supp. at 914 (declining to award costs for copies because the defendants failed to itemize copies necessarily obtained for use in the case and those obtained for the convenience of counsel).

While Defendant objects that Plaintiffs fail to explain the purpose of each copy made, such a specific explanation is not required. *See Dillon v. Axxsys Int'l, Inc.*, No. 8:98-cv-2237-T-23TGW, 2006 WL 3841809, *7 (M.D. Fla. Dec. 19, 2006) (noting that although the burden of establishing entitlement to costs for copies lies with the prevailing party, which requires "evidence showing the nature of the documents copied and how they were used," the prevailing party need not make "an accounting for each photocopy because that would make it impossible economically to recover those expenses.") (*citing Northbrook Excess & Surplus Ins. Co. v. Proctor & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991)). *See also Fogleman v. Aramco*, 920 F.2d 278, 286 (5th Cir. 1991) ("While we certainly do not expect a prevailing party to identify every xerox copy made for use in the course of legal proceedings, we do require some

demonstration that reproduction costs necessarily result from that litigation."); *Gordon v. Castle Oldmobile and Honda, Inc.*, 157 F.R.D. 438, 441 (N.D. Ill. 1994) (noting that " . . . the prevailing party need not describe the use of each copy so specifically that it becomes impossible economically to recover copy costs.") (*citing Northbrook Excess & Surplus Ins. Co.*, 924 F.2d at 643). Therefore, this Court **RECOMMENDS** that the District Court find that Defendant's objection with regard to the sufficiency of Plaintiffs' invoices lacks merit.

*See Durden*, 2010 WL 2105921 at *3 (finding that statement by counsel in responsive pleading sufficiently explained the need for the copies) (*quoting Northbrook Excess & Surplus Ins. Co.*, 924 F.2d at 643); *Mink v. Barth Elec. Co., Inc.*, No. 1:08-cv-561-SEB-JMS, 2010 WL 1948227, *1 (S.D. Ind. May 13, 2010) (finding that invoices and declaration of counsel were sufficient to establish that copies were made for purposes of the litigation) (*citing Northbrook Excess & Surplus Ins. Co.*, 924 F.2d at 643).

Moreover, after  considering Plaintiffs' discussion as to the volume of documents made available during discovery, it appears that at least a portion of the copies were necessarily obtained for use in the case.  Nevertheless, after reviewing Plaintiffs' invoices, (DE 244, exh. B, pgs. 14-15; DE 259, exh. C),[6] this Court concludes that several deductions must be made, either because Plaintiffs have failed to show that the costs of the services were not incurred for the mere convenience of counsel, or because the costs are not taxable.

First, Plaintiffs' invoices document several services which appear to have been incurred merely for the convenience of counsel.  Plaintiffs' Ikon invoices dated October 5, 2009, October

---

[6] This Court notes that Plaintiffs' invoices for Ikon are extremely small and difficult to read, as they were copied four (4) invoices per page.

29, 2009, December 16, 2009, January 29, 2010, February 17, 2010, February 22, 2010, March

31, 2010, show that Plaintiffs incurred services described as "Color Imaging (per page)," "CD-

Master(s)," "OCR," E-Labels Endorsement," "Prints-Color (ea)," "Folders: Redwell Folders-

LTR," "Tabs (Alpha/Numeric)," and "Binder-D Ring 4"."  (DE 244, exh. B, pgs. 14-15).  The

rate charged for color copies, one dollar ($1.00) per page, is not within the reasonable range of

rates for the Southern District of Florida.  *See George*, 2008 WL 2571348 at*4 (noting that rates

from .10 to .14 have been deemed reasonable, but that rates from .15 to .19 cents per page

have been found unnecessarily high without factual support for the increased rate).  Plaintiffs

have not shown that the costs incurred for color copies, which total one thousand, six hundred

thirteen dollars and nineteen cents, ($1,613.19), were not incurred for the mere convenience of

counsel.  (DE 244, pgs. 7-8; DE 259, pgs. 8-9).[7]  Therefore, this Court **RECOMMENDS** that the

District Court deduct such amount from Plaintiffs' requested costs.

See *Desisto College, Inc.*, 718 F. Supp at 913-914 (noting that copies obtained for the

convenience of counsel are not recoverable, and that extra copies of filed papers, correspondence,

and copies of cases are considered to be obtained only for the convenience of counsel; further

denying request for costs of copies because counsel failed to itemize copies which were

necessarily obtained for use in the case); *Zunde*, 2000 WL 1763843 at*6 (noting that the

prevailing party has the burden of showing that the copies were necessarily obtained for use in

---

[7] The mere fact that copies were printed in color does automatically lead to a conclusion that such costs are not taxable.  *See Arcadian Fertilizer, L.P.*, 249 F.3d at 1297 (finding that costs for oversize documents and color photographs were taxable under § 1920(4)).  However, the fact that Plaintiffs' Ikon invoices dated October 5, 2009, October 29, 2009, December 16, 2009, January 8, 2010, and March 31, 2010, show that large numbers of black and white copies were also made, (DE 244, exh. B, pgs. 14-15; DE 259, exh. C, pgs. 4, 5), combined with the fact that Plaintiffs have failed to show a need for color copies, leads this Court to conclude that the color copies were likely obtained for the mere convenience of counsel.

the case); *Responsible Me, Inc.*, 2009 WL 528247 at *9 (declining to award costs for copies

where prevailing party failed to provide evidence as to the nature of the documents copies and

how they were used or intended to be used in the case) (*citations omitted*); *Durden v. Citicorp*

*Trust Bank, FSB*, No. 3:07-cv-974-J-34JRK, 2010 WL 2105921, *4 (M.D. Fla. April 26, 2010)

(denying request for costs of binders, labeling, and bates numbering because such costs were

incurred for convenience of counsel, and were not necessary) (*collecting cases*); *Van Voorhis v.*

*Hillsborough Bd. of County Comm'rs*, No. 8:06-cv-1171-T-TBM, 2008 WL 2790244, *5 (M.D.

Fla. July 18, 2008) (declining to award costs for binders and dividers from Staples because such

costs were not compensable under section 1920).

Plaintiffs' Ikon invoices dated October 5, 2009, October 29, 2009, December 16, 2009,

January 29, 2010, February 17, 2010, and February 22, 2010, also show that Plaintiffs incurred

costs for services described as "Image Capture EE-Heavy Glasswork," "Image Capture D-

Heavy," and "Image Capture E-Glasswork."  (DE 244, exh. B, pgs. 14-15).  Several courts have

declined to award costs associated with electronic copying where such costs were incurred for the

mere convenience of counsel.  *See Twee Jonge Gezellen (PTY) Ltd. v. Owens-Illinois*, No.

3:04CV7349, 2008 WL 905996, *8 (N.D. Ohio Mar. 31, 2008) (noting that "[c]osts associated

with electronic scanning, computerized litigation support, rough disks and bates labeling are not

usually allowable as taxable costs" because such costs were incurred based on convenience or

preferred method of proceeding with the case); *J-Way Leasing, Ltd. v. American Bridge Co.*, No.

1:07 CV 3031, 2010 WL 816439, *3-*4 (N.D. Ohio Mar. 4, 2010) (denying request for

document imaging and converting documents into electronic form, where such conversions were

done to reduce the time and costs associated with reviewing documents, because the court found

that such acts were similar to marking exhibits or bates labeling, which is not taxable in the Sixth

Circuit) (*citation omitted*); *Rundus v. City of Dallas*, No. 3-06-CV-1823-BD, 2009 WL 3614519,

*4 (N.D. Tex. Nov. 2, 2009) (denying request for CDs, DVDs, "electronic Bates labeling" or

"coding" as part of copying charges) (*citation omitted*).

Plaintiffs have not explained what the above quoted services represent, or why the costs

associated with such services, which total one thousand, nine hundred twenty-seven dollars and

five cents, ($1,927.05), were not incurred for the mere convenience of counsel.  (DE 244, pgs. 7-

8; DE 259, pgs. 8-9).  As a result, this Court **RECOMMENDS** that the District Court **DENY**

Plaintiffs' request for such costs.  (DE 244).

*See Desisto College, Inc.*, 718 F. Supp. at 913-914 (denying request for costs of copies

because counsel failed to itemize copies which were necessarily obtained for use in the case);

*Zunde*, 2000 WL 1763843 at *6 (noting that the prevailing party has the burden of showing that

the copies were necessarily obtained for use in the case)*; Twee Jonge Gezellen (PTY) Ltd.*, 2008

WL 905996 at *8 (denying costs for scanning and computerized litigation support because the

costs were incurred for the mere convenience of counsel); *J-Way Leasing, Ltd.*, 2010 WL 816439

at *3-*4 (denying request for document imaging and converting documents into electronic form).

Finally, Plaintiffs' invoices from Kauff's Signs show that Plaintiffs incurred costs totaling

two hundred twelve dollars and fifty cents ($212.50) for the creation of five (5) form boards.[8]

(DE 259, exh. C, pgs. 6, 7).  Plaintiffs state that such "over-sized presentation boards" were used

at trial.  (DE 259, pg. 8).

---

[8]  The invoices show that the form boards measured 2 feet by 3 feet, and contained digital graphics.  (DE
259, exh. C, pgs. 6-7).

24

The costs of the foam boards do not appear to be taxable.  *See Arcadian Fertilizer, L.P.*, 249 F.3d at 1297 (finding that costs for oversize documents and color photographs were taxable under section 1920(4), but finding that physical exhibits like charts and models were not taxable due to lack of statutory authorization); *Curry v. Montgomery*, No. 07-22899-CIV, 2010 WL 883798,*6 (S.D. Fla. Mar. 9, 2010) (denying request for costs of enlarging and mounting photographs used as exhibits in trial because the prevailing party failed to show that mounting and oversizing was necessary within the meaning of section 1920(4)).  As a result, this Court **RECOMMENDS** that the District Court **DENY** Plaintiff's request for such costs.  (DE 244).

In conclusion, this Court **RECOMMENDS** that the District Court deduct a total of three thousand, seven hundred fifty-two dollars and seventy-four cents ($3,752.74) from the total amount requested by Plaintiffs for the costs of exemplification and copies.  (DE 244, exh. A, pg. 1).  Based on such deductions, this Court **RECOMMENDS** that the District Court award Plaintiffs costs for exemplification and copies in the amount of four thousand, nine hundred twenty-five dollars and sixty-five cents ($4,925.65).  (DE 244).

### F.  Compensation of Interpreters

Plaintiffs seek an award of three hundred seventy-five dollars ($375.00) for costs relating to the interpreter employed during the deposition of Ruben Rivera on October 8, 2009.  (DE 244, exh. A; exh B, pgs. 4, 19).  Defendant does not object to such request.  (DE 251, pgs. 1-8).

Because the costs for interpreters may be taxed pursuant to section 1920(6), this Court **RECOMMENDS** that the District Court award Plaintiffs the three hundred and seventy-five ($375.00) dollars requested.  (DE 244).  *See EEOC*, 213 F.3d at 621 (finding that the district court did not abuse its discretion by awarding costs where the request was unchallenged); *Osorio*

25

*v. Dole Food Co.*, No. 07-22693-CIV, 2010 WL 3212065, *8-*9 (S.D. Fla. July 7, 2010) (awarding portion of costs for interpreters used at hearing).[9]

In conclusion, this Court **RECOMMENDS** that the District Court **GRANT IN PART** Plaintiffs' request for costs under 28 U.S.C. § 1920, and award Plaintiffs a total of thirty-two thousand, nine hundred seventeen dollars and twenty-five cents ($32,917.25) in costs.  (DE 244).

## II.  Expert Witness and Other Costs under Section 285

Citing 35 U.S.C. § 285, Plaintiffs seek an award of fifty-nine thousand, eight hundred forty-nine dollars and seventy cents ($59,849.70) for expert witness fees, as well as an award of thirty thousand, eight hundred fifty-eight dollars and forty-five cents ($30,858.45) for costs relating to trial assistance by Richard Merisier ("Merisier") of Trial Graphix.  (DE 244, pgs. 2, 8-10).  Defendant argues that Plaintiffs are not entitled to such costs because the District Court already concluded that the instant case is not exceptional in its Order denying Plaintiffs' Motion for Attorney's Fees.  (DE 251, pgs. 1-2).

### A.  Expert Costs

Plaintiffs contend that section 285 authorizes an award of costs incurred for the services of its expert witnesses, Robert McSorley ("McSorley), and Peter Matos ("Matos").  (DE 244, pgs. 8-9, 10-11).  This Court disagrees.

Although the Federal Circuit at one time held that an attorney's fee award made pursuant to section 285 may include expert fees beyond the statutory daily witness fee otherwise prescribed by 28 U.S.C. § 1821, *see Mathis v. Spears*, 857 F.2d 749, 759 (Fed. Cir. 1988), the

---

[9]  The amount requested by Plaintiffs is within the federal court daily rate.  *See Osorio*, 2010 WL 3212065 at *9 (noting that the federal rate, as noted on the Court's website, http://www.uscourts.gov/interpretprog/rates.html, is three hundred eighty-four dollars ($384.00) per day).

Federal Circuit has retreated from such position.  *See Amsted Indus. v. Buckeye Steel Castings Co.*, 23 F.3d 374, 375-377, 379 (Fed. Cir. 1994) (holding that expert witness fees properly fall under section 1920, and are subject to the section 1821(b) limitation; "[s]ection 285 does not include shifting of expert fees as part of that remedy.") (*citing West Virginia Univ. Hosps., Inc. v. Casey*, 499 U.S. 83 (1991)).  *See also In re Electro-Mechanical Indus*, 359 Fed. App'x 160, 165-166 (Fed. Cir. 2009) (noting that the district court erred in awarding expert fees as part of the attorney's fee award made pursuant to section 285).

Plaintiff's Motion for Attorney's Fees has been denied by the District Court.  (DE 250).  Nevertheless, even if Plaintiff had been awarded attorney's fees, section 285 does not permit an award of expert fees.  Therefore, this Court **RECOMMENDS** that the District Court **DENY** Plaintiffs' request for expert witness fees under section 285.

### B.  Trial Graphix Costs

Plaintiffs also seek, pursuant to section 285, costs for trial assistance rendered by Trial Graphix.  (DE 244, pg. 9-10).  As with Plaintiffs' request for an award of expert fees, Defendant argues that because the District Court has already determined that the instant case is not exceptional, Plaintiffs should not be awarded any costs for the assistance of Trial Graphix.  (DE 251, pgs. 1-2).

"The purpose of § 285 is, in a proper case and in the discretion of the trial judge, to compensate the prevailing party for its monetary outlays in the prosecution or defense of the suit."  *Central Soya Co. v. Geo. A. Hormel & Co.*, 723 F.2d 1573, 1578 (Fed. Cir. 1983) (*citation omitted*).  Where a party seeks an award under section 285, the movant bears the burden of showing, by clear and convincing evidence, that the case is exceptional and that the court should

exercise its discretion to award attorney's fees and expenses.  *See Halliburton Co. v. Schlumberger Tech. Corp.*, 722 F. Supp. 1433, 1434 (S.D. Tex. 1989) (*citing Reactive Materials & Alloys Corp. v. ESM, Inc.*, 769 F.2d 1578, 1582 (Fed. Cir. 1985)).

"[O]nly a limited universe of circumstances warrant a finding of exceptionality in a patent case: 'inequitable conduct before the PTO; litigation misconduct; vexatious, unjustified, and otherwise bad faith litigation; a frivolous suit or willful infringement.'" *Wedgetail, Ltd. v. Huddleston Deluxe, Inc.*, 576 F.3d 1302, 1304 (Fed. Cir. 2009) (*collecting cases*).  A finding of exceptionality must be based on a showing of clear and convincing evidence.  *See Wedgetail, Ltd.*, 576 F.3d at 1304.  *See also Takeda Chem. Indus., Ltd. v. Mylan Labs., Inc.*, 549 F.3d 1381, 1387 (Fed. Cir. 2008) (noting that a finding of exceptionality may be based on a showing of clear and convincing evidence of "vexatious or unjustified litigation" or a "frivolous suit"), *cert. denied*, *Mylan Laboratories, Inc. v. Takeda Chemical Industries, Ltd.*, 130 S.Ct. 106 (2009); *cert. denied*, *Alphapharm Pty., Ltd. v. Takeda Chemical Industries, Ltd.*, 130 S.Ct. 106 (2009).

For several reasons, this Court concludes that Plaintiffs should not be awarded costs for the services rendered by Trial Graphix because Plaintiffs have failed to show that the instant case is exceptional.

Initially, this Court notes that in an Order dated June 3, 2010, the District Court determined that the instant case is not exceptional within the meaning of section 285.  (DE 250, pg. 2) (denying Plaintiffs' Motion for Attorney's Fees; finding that Defendant's conduct was not sufficiently egregious to warrant enhanced damages).  Plaintiffs have offered no reason why this Court should revisit the opinion of the District Court.

Second, even if this Court were to revisit such conclusion, this Court would still

28

recommend that the District Court again find that the instant case is not exceptional.  Plaintiffs have failed to show, by clear and convincing evidence, that Defendant (1) engaged in inequitable conduct before the Patent and Trademark office; (2) committed litigation misconduct; (3) engaged in vexatious, unjustified, and otherwise bad faith litigation; or, (4) instituted a frivolous suit, as required by *Wedgetail, Ltd.*, 576 F.3d at 1304.

Moreover, this Court is unable to conclude that Defendant engaged in vexatious, unjustified, or otherwise bad faith litigation.  Although discovery motions were referred to the undersigned, this Court notes that only four discovery motions were filed during the discovery phase of the case.  (DE 19).  Because the discovery motions concerned only routine discovery issues, and involved no claims of litigation misconduct by Defendant, this Court concludes that Defendant has not engaged in vexatious, unjustified, or bad faith litigation.  (DEs 29, 77, 78, 95).

Third, even though the jury's finding of willful infringement, (DE 197, pg. 5), could serve as a the basis for a finding of exceptionality, *see Id. at* 1304, as noted by the District Court in its Omnibus Order dated June 3, 2010, "a finding of willfulness does not require a finding that a case is exceptional."  (DE 250, pg. 2) (*citing Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1461 (Fed. Cir. 1998) (*en banc*) (affirming district court determination that case was not exceptional, notwithstanding jury verdict of willfulness, where evidence of willful infringement was sufficient but weak).

In light of the foregoing, this Court **RECOMMENDS** that the District Court **DENY** Plaintiffs' motion for costs for the services rendered by Trial Graphix.  (DE 244).

### C.  Other Costs

Plaintiffs also rely on section 285 in support of its request for an award of two hundred

ninety dollars and forty-six cents ($290.46) for expenses incurred by Plaintiffs during the

litigation.  (DE 244, pg. 2).  Plaintiffs fail to explain what costs were incurred for such amount,

and have provided no documentation in support of such request.  (DE 244, pgs. 2-11 and exh. B).

As a result, this Court **RECOMMENDS** that the District Court **DENY** Plaintiffs' request for

such costs.  (DE 244).

### III.  Costs Under Section 285 and the Court's Inherent Authority

Finally, citing section 285 and the court's inherent authority, Plaintiffs move for an award

of costs which had been determined to be non-taxable under section 1920.  (DE 244, pg. 2).

Notwithstanding the fact that expert fee awards made under section 285 are limited by

sections 1920 and 1821, a court is nevertheless permitted to make an award of expert witness

fees based on the court's inherent authority, so long as the court finds more than mere

exceptionality under section 285.  *See Amsted Indus. Inc.*, 23 F.3d at 378-379.  Not every case

which qualifies as "exceptional" under section 285 will qualify for sanctions under the court's

inherent authority.  *See Amsted Indus. Inc.*, 23 F.3d at 378-379.  Rather, a court must consider

whether the circumstances extend "sufficiently beyond exceptional within the meaning of section

285 to justify an award of expert fees as a sanction under the court's inherent power."  *Id*.  To

support an award of expert fees as part of a costs award under the court's inherent authority, the

court must find either fraud or abuse of the judicial process.  *See Id*. at 378 (*citing Chambers v.

NASCO*, 501 U.S. 32 (1991); *Mathis*, 857 F. 2d at 759).  *See also Takeda Chem. Indus., Ltd.*, 549

F.3d at 1391 (noting that inherent power may be invoked to impose sanctions in the form or

reasonable expert fees in excess of what is provided for by statute, where the court finds fraud or

abuse of the judicial process); *In re Electro-Mechanical Indus.*, 359 Fed. App'x at 167 ("[u]nless

explicitly authorized by statute, however, to award fees in excess of those allowed under § 1821, a court must make a finding of fraud or abuse of the judicial process and invoke its inherent power to sanction.") (*citing Amsted*, 23 F.3d at 378) (*other citations omitted*).

This Court concludes that Plaintiffs' request for costs under the inherent authority of the court lacks merit.  Because Plaintiffs have failed to show even mere exceptionality under section 285, it follows that Plaintiffs have failed to make the even higher showing that the circumstances extend "sufficiently beyond exceptional," that is, fraud or abuse of the judicial process, to invoke the court's inherent authority.  *See Amsted Indus. Inc.*, 23 F.3d at 378-379.  Therefore, this Court **RECOMMENDS** that the District Court **DENY** Plaintiffs' request for costs under the inherent authority of the court.  (DE 244).

## SUMMARY OF RECOMMENDATION OF COSTS

In conclusion, this Court **RECOMMENDS** that the District Court **GRANT IN PART** Plaintiffs' Verified Motion to Tax Costs, (DE 244), and award Plaintiffs costs as follows:

### I. Costs Under § 1920:

A.) Initial Filing Fee: $350.00

B.) Summons and Service: $298.00

C.) Deposition, Hearing, and Trial Transcripts: $18,554.82

D.) Witness Fees: $697.50

E.) Fees for Exemplification and Cost of Making Copies: $4,925.65

F.) Compensation of Interpreters: $375.00

**II.  Costs Under § 285:**

1.) Expert Fees: $0.00

2.) Trial Graphix: $0.00

**III.  Costs Under  § 285 and the Court's Inherent Authority:**

1.) Expert Fees: $0.00

2.) Other Costs: $0.00

**TOTAL RECOMMENDED AWARD OF COSTS**: $25,200.97

### NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Daniel T. K. Hurley, Senior United States District Court Judge for the Southern District of Florida, within fourteen (14) days of being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1) (2009) (providing that "within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.").  *See also* Fed. R. Civ. P. 72(b) (2009) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 14 days after being served with a copy.")  Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein.  *See LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S.

958 (1988); *RTC v. Hallmark Builders, Inc*, 996 F.2d 1144, 1149 (11th Cir. 1993).


**DONE AND SUBMITTED** in Chambers this _10th__ day of September, 2010, at West

Palm Beach in the Southern District of Florida.

*James M. Hopkins*

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE


Copies to:
The Hon. Daniel T. K. Hurley, Senior United States District Court Judge for the Southern
District of Florida
Counsel of Record